IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUADALUPE P. GUZMAN,

      Plaintiff,

vs.                                                                          CIV 00-1652 KBM/LCS

MIMBRES MEMORIAL HOSPITAL,
a Subsidiary of Community Health Systems,
and DEMING HOSPITAL CORPORATION,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## ALLOWING TRIAL BY JURY

THIS MATTER came on for consideration of Plaintiff's Demand for Jury Trial *(Doc. 11)*. The Court has reviewed the demand, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

On November 22, 2000, Plaintiff filed this Title VII action  Although her complaint did not contain a written demand for trial by jury, the box marked "jury demand" was checked on the "Civil Cover Sheet" accompanying the complaint.[1] Both of theses documents were served on Defendants.

It was not until March 21, 2001 when I held the initial Rule 16 conference, however, that plaintiff's counsel realized that he had made no formal written demand for jury trial in the complaint or by separate pleading. Prior to that telephonic conference, Plaintiff forwarded to

---

[1] The preprinted cover sheet form includes a box labeled "JURY DEMAND," containing smaller boxes labeled "YES" and "NO." Above these boxes is written, "CHECK YES only if demanded in complaint." Plaintiff's counsel placed an "X" in the box labeled "YES" although a jury trial had not been demanded in the complaint.

Defendants a proposed initial pretrial report ("IPTR") identifying the case as one to be tried by a jury. Because opposing counsel indicated that he felt Plaintiff had nevertheless waived her right to a jury trial, a formal jury demand was filed pursuant to our local packet rule.

## *Discussion*

The Seventh Amendment to the United States Constitution memorializes the common law right to trial by jury "in the most solemn terms." *Dimick v. Schied*t, 293 U.S. 474, 485 (1935). Any curtailment of this right should be "scrutinized with the utmost care." *Id.* The Federal Rules of Civil Procedure provide that a demand for a jury trial be filed with the court in the complaint or at anytime "not later than ten (10) days after the service of the last pleading directed to such issue." FED. R. CIV. P. 38(b). "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." FED. R. CIV. P. 38(d).

I have located two opinions from the District of New Mexico on this issue. In *Bates v. Bd. of Regents of North New Mexico Community College*, 122 F.R.D. 586 (D.N.M.1987), the plaintiff did "not dispute defendants' argument that the civil cover sheet *filed* contemporaneously with his complaint did not constitute a proper jury demand under Rule 38(b). . . ." *Id.* at 588 (emphasis added). Similarly in *Watson v. Beckel, et al.*, CIV 98-551 JC/JFG at Doc. 20 (D.N.M. 9/28/98) (unpublished), the Hon. John Edwards Conway found that a jury demand indication only on the civil cover sheet did not satisfy Rule 58(b). Yet neither of these decisions mention whether, as here, a copy of the cover sheet was *served* with the complaint on the opposing party.

The Second Circuit has stated that "[a] timely served civil cover sheet on which the "Jury Demand" box is checked can, without more, constitute a proper jury trial demand." *See Favors v. Coughlin*, 877 F.2d 219, 220-21 (2d Cir.1989). However, the cover sheet jury demand must be served with the complaint on the opposing party to provide the notice required by Rule 38(b).

*See Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996) ("a civil cover sheet that has not been served with the complaint naturally gives no notice of a jury demand necessary to meet the requirements of Rule 38(b)"); *see also Winant v. Carefree Pools*, 118 F.R.D. 28, 29 (E.D.N.Y.1988).

I am unaware of any Tenth Circuit decisions addressing this precise point. It is unnecessary to delve deeper into the analysis, however, because I find that Plaintiff should be given a jury trial pursuant to Rule 39 even if the demand was improper. "[N]otwithstanding the failure of a party to demand a jury . . . the court in its discretion upon motion may order a trial by a jury of any or all issues." FED. R. CIV. P. 39(b). Indeed, a court possesses broad discretion to grant or deny a jury trial after subsequent waiver upon motion by either party. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980); *see also* 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2334 at 164-66 (2d ed.1995). Only where there is a clear abuse of discretion based on all the facts and circumstances will decisions granting or denying jury trials be reversed. *See Paramount*, 621 F.2d at 1090.

The factors considered on an untimely motion for trial by jury include the reasonableness of time after the expiration date, whether the motion corrects an inadvertence, and whether the decision may prejudice the rights of the adverse party. Plaintiff filed her motion within a reasonable time to correct an inadvertence. Plaintiff's jury demand comes as no surprise because it was noted on the served cover sheet and was indicated as such on Plaintiff's proposed IPTR. In addition, Defendants assert no harm as result of granting this motion for trial by jury. Therefore, a trial by jury will be granted to achieve substantial justice.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Demand for Jury Trial *(Doc. 11)* be, and hereby is, **granted**.

_____
**UNITED STATES MAGISTRATE JUDGE**